## Commonwealth v. Smith & Hartnett Company

*William A. Schnader*, attorney general, for Commonwealth.

*John R. Scholl*, for defendant.

HARGEST, P. J., December 15, 1931.—This case arises upon an appeal from the settlement of a tax on loans for the year ending November 30, 1928. The case was submitted to the court without the intervention of a jury and the facts have been agreed upon by a stipulation filed. This case was heard March 3, 1931. Briefs were but recently filed.

### Facts

The pertinent facts are as follows:

A settlement was made by the fiscal officers December 3, 1929, which was mailed to the defendant December 5, 1929, imposing a tax of $665. On January 8, 1930, the defendant filed a petition for resettlement. On January 29, 1930, resettlement was made and approved in the sum of $351.50 and a copy

thereof mailed to the defendant January 31, 1930. On April 26, 1930, a second petition for resettlement was filed, which was refused by the Department of Revenue September 12, 1930, and the defendant notified on that date. The Department of Revenue refused to consider the petition on the ground that it had no authority so to do. On October 9, 1930, the defendant filed with the Board of Finance and Revenue a petition to review the action of the Department of Revenue. On November 13, 1930, the Board of Finance and Revenue refused the petition for review. Thereupon this appeal was taken.

## Discussion

The questions involved are (a) whether the Department of Revenue is required to consider and pass upon a second petition for resettlement when filed within ninety days from the action on the first petition, and (b) whether the Board of Finance and Revenue is required to consider the merits, in a petition for a review, where the Department of Revenue has declined to consider a second petition for a resettlement.

The questions here raised involve a construction of sections 1102 and 1103 of The Fiscal Code of April 9, 1929, P. L. 343. Section 1102 provides, in part:

"Petition for Resettlement. Within ninety days after the date of any settlement, the party with whom or with which the settlement was made may file, with the department which made it, a petition for resettlement."

The section then provides that such petition for resettlement shall fully state the reasons therefor and that it shall be the duty of the department with which it is filed to dispose of it within six months; that in case of such petition filed with the Department of Revenue, the disposition shall be subject to the approval of the Department of the Auditor General, and if they are unable to agree, it shall be submitted to the Board of Finance and Revenue. The Board of Finance and Revenue shall decide every such case within three months, and in case of failure to reach a decision within that period, the disposition of the Department of Revenue shall automatically become valid. In case of petitions for resettlement filed with the Department of the Auditor General, the petition shall be disposed of by the joint action of that department and the Treasury Department, as in the case of original settlements.

Section 1103 provides, in part:

"Petition to Board of Finance and Revenue for Review. (a) Within thirty days after notice by the Department of Revenue, or of the Auditor General, of the action taken on any petition for a resettlement filed with it, the party with whom the settlement was made may, by petition, request the Board of Finance and Revenue to review such action. . .

"The Board of Finance and Revenue shall dispose of such petitions filed with it within ninety days after they have been received, and, in the event of the failure of the Board of Finance and Revenue to dispose of any such petition within ninety days, the action taken upon the petition for resettlement shall be deemed sustained.

"The Board of Finance and Revenue may sustain the action taken on the petition for resettlement, or it may resettle the account upon such basis as it shall deem according to law and equity."

The contention of the defendant is that there is no distinction between a settlement and a resettlement and that when a resettlement has been made it is to be treated as an original settlement in so far as to permit subsequent petitions for resettlement. This contention, if sound, means that there is no limit to the number of petitions for resettlement which can be filed in any case. We cannot so construe the statute.

In section one, paragraph (a), the "date of settlement" and the "date of resettlement" are defined. In every section of article eleven, which is entitled "Procedure for resettlement of accounts, review and appeal," except section 1101, the statute refers both to settlement and resettlement. It has, therefore, made a distinction between a settlement and resettlement. It is inconceivable that the legislature intended to leave open the possibility of an endless chain in the matter of resettlements and permit any number of resettlements if the application therefor is made within ninety days of the action on the previous petition. Such would be the necessary consequence of adopting the defendant's construction that when action is taken on a resettlement it is to be considered as an original settlement and that a new petition for a resettlement may be made within ninety days thereafter.

The provisions of the statute are plain. Under section 1102, a petition for a resettlement may be made within ninety days after the date of the settlement, and such petition must be acted upon by the department with which it is filed within six months after the date of the settlement. Where petitions are filed with the Department of Revenue which require the approval of the Department of the Auditor General, if the two departments are unable to agree, they must be submitted to the Board of Finance and Revenue, which board shall decide the matter within three months from the date of the submission. Thirty days after action taken on any petition for a resettlement petitioner may request the Board of Finance and Revenue to review such action, and that board shall dispose of such petition filed with it within ninety days.

This scheme does not contemplate repeated petitions for resettlement. It contemplates one petition for a resettlement and one for review. After that procedure has been taken, section 1104 provides for an appeal to this court. Section 1105, which is not involved in the consideration of the present question, provides that any department which has made a settlement may, by petition, request the Board of Finance and Revenue to authorize a resettlement within one year from the date of settlement if it appears to the department making the settlement that it was erroneously or illegally made.

The system is an orderly procedure for the settlement of accounts in which both the rights of the parties and the Commonwealth are protected. The defendant suggests that thirty days within which a petition for a review can be filed under section 1103 is too short a time, but that raises a legislative question with which we have nothing to do. The time limit is for the legislature to fix.

It follows that the determination of the Board of Finance and Revenue that the Department of Revenue had no jurisdiction to entertain a second petition for a resettlement is sound and that the action of the Board of Finance and Revenue in refusing the petition for review must be sustained. Judgment must, therefore, be entered in favor of the Commonwealth.

```
Amount of settlement........................$351.50
Interest from April 29, 1929, being ninety days after
    date of resettlement .........................  34.27
                                                  ———— $385.77
Attorney general's commission of five per cent......      19.29
                                                         ————
    Total ....................................    $405.06
```

Now, December 15, 1931, judgment is hereby directed to be entered in favor of the Commonwealth and against the Smith & Hartnett Company in the sum of $405.06, unless exceptions be filed within the time limited by law.

From Homer L. Kreider, Harrisburg, Pa.